UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>       Plaintiffs<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, et al.,<br><br>       Defendants | Case No.: 2:16-cv-02771-APG-NJK<br><br>**Order**<br><br>[ECF Nos. 38, 51-54, 57, 68, 69] |

Plaintiffs Nationstar Mortgage LLC (Nationstar) and Federal National Mortgage Association (Fannie Mae) sue to determine whether a deed of trust still encumbers property located at 10932 Florence Hills Street in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA). The plaintiffs seek a declaration that the HOA sale did not extinguish the deed of trust. Nationstar also asserts alternative damages claims against the HOA, defendant Southern Highlands Community Association (Southern), and Southern's foreclosure agent, defendant Alessi & Koenig, LLC (Alessi). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the HOA foreclosure sale.

SFR moves to dismiss, arguing that the plaintiffs' declaratory relief claims are untimely. SFR also moves to stay the case and to compel production of the note that the deed of trust secures. The plaintiffs respond that their claims are timely under the Housing and Economic Recovery Act of 2008 (HERA). They also move for summary judgment, arguing the deed of trust was preserved by the federal foreclosure bar and by its prior servicer's tender of the superpriority amount before the sale. And they oppose the motions to stay and compel.

SFR responds to the plaintiffs' motion for summary judgment by again contending that the plaintiffs' claims are untimely and by requesting relief under Federal Rule of Civil Procedure 56(d). On the merits, SFR argues that the plaintiffs have not adequately shown Fannie Mae owned the note and deed of trust at the time of the HOA foreclosure sale and have not shown a servicing relationship with the then-beneficiary of record for the deed of trust. As for tender, SFR contends that the plaintiffs have not established the tender check was delivered to Alessi and that the tender letter contained an improper condition.

Southern moves for summary judgment, arguing the alternative damages claims are time-barred or otherwise fail on the merits. Nationstar agrees that if the deed of trust remains an encumbrance on the property, the alternative damages claims are moot.

The parties are familiar with the facts so I will not repeat them here except where necessary. I deny SFR's motions to stay, to compel, and for Rule 56(d) relief. I deny SFR's motion to dismiss and grant the plaintiffs' motion for summary judgment because the plaintiffs' claims are timely and the federal foreclosure bar preserved the deed of trust. I therefore dismiss as moot the alternative damages claims against Southern and Alessi, and I deny as moot Southern's motion for summary judgment.

## I. ANALYSIS

### A. Statute of Limitations

The HERA statute of limitations in 12 U.S.C. § 4617(b)(12)(A) governs the timeliness of the plaintiffs' claims. *M&T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 857 (9th Cir. 2020). Because the plaintiffs' declaratory relief claims are best characterized as sounding in contract, the six-year limitation period in § 4617(b)(12)(A)(i) applies. *Id.* at 858.

/ / / /

The HOA foreclosure sale took place on September 12, 2012. ECF No. 51-11.  The plaintiffs filed suit in 2016. ECF No. 1.  Their declaratory relief claims therefore are timely, so I deny SFR's motion to dismiss based on the statute of limitations.

**B.  Motion to Stay**

SFR moves to stay this case pending the outcome of cases on appeal in the Ninth Circuit and before the Supreme Court of Nevada.  SFR contends these cases may inform the proper statute of limitations for the plaintiffs' declaratory relief claims, so I should await those decisions before ruling in this case.  I deny SFR's motion because the Ninth Circuit has already decided the proper limitation period for the plaintiffs' declaratory relief claims.  There is no basis to conclude that *M&T Bank* will be overturned or modified.

**C.  Motion to Compel**

SFR moves to compel production of the original wet-ink note that the deed of trust secures.  SFR contends that once *M&T Bank* characterized claims similar to the plaintiffs' as contract claims, the contract on which those claims are based is discoverable.  SFR contends that contract is the note and there may be endorsements on the note that show Fannie Mae does not own it.

The plaintiffs respond that *M&T Bank* characterized similar claims as ones more akin to contract claims than torts and, in any event, the deed of trust was the relevant contract, not the note, because that is what gives Fannie Mae an interest in the property.  They also argue that endorsements, or lack thereof, on the note will not inform whether Fannie Mae owned the note and deed of trust at the time of the sale.  Finally, they argue that the motion to compel is untimely because discovery is closed and SFR could have moved to compel production of the note earlier.

I deny SFR's motion. *M&T Bank* does not transform the plaintiffs' declaratory relief claims into contract claims. Rather, *M&T Bank* was deciding whether, for purposes of determining the appropriate limitation period under HERA, claims like the plaintiffs' are more like contract or tort claims. 963 F.3d at 857. The Ninth Circuit concluded that they are more like contract claims because the enterprise gained its interest in the property through a contract, so HERA's six-year limitation period applies. *Id.* at 858 (stating that if a claim is not clearly a contract or tort claim, the court "must decide when applying the statute whether a claim is better characterized as sounding in contract or in tort"). Further, the contract *M&T Bank* was referring to was not the note. Rather, the deed of trust creates the lien interest in the property. *See id.* (stating the claims are "entirely dependent upon Freddie Mac's lien on the Property, an interest created by contract" (quotation omitted)); *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 254 (Nev. 2012) (en banc) ("The note represents the right to the repayment of the debt, while the [deed of trust] . . . represents the security interest in the property that is being used to secure the note." (quotation omitted)).

Because the question in this case is whether Fannie Mae owned the note and deed of trust at the time of the HOA sale, not whether Fannie Mae can enforce the note and deed of trust, production of the note is not required. *See Nationstar Mortg. LLC v. Haus*, 812 F. App'x 503, 504 (9th Cir. 2020); *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850-51 (Nev. 2019) (en banc). I therefore deny SFR's motion to compel.

**C. Motion for Rule 56(d) Relief**

SFR requests I defer ruling on the summary judgment motions until SFR obtains the note through discovery. Because I deny the motion to compel, I also deny the motion for Rule 56(d) relief based on production of the note. As for the other areas of interest identified in counsel's

affidavit supporting the Rule 56(d) request, SFR had the opportunity to conduct discovery on these matters before discovery closed. *See* ECF No. 57-1 at 8. I therefore deny SFR's motion for Rule 56(d) relief. *See Qualls By & Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (stating that to obtain relief, a movant must have "diligently pursued its previous discovery opportunities" (emphasis omitted)).

**D. Federal Foreclosure Bar**

The federal foreclosure bar in 12 U.S.C § 4617(j)(3) prevents an HOA foreclosure sale from extinguishing the interest of FHFA as conservator for Fannie Mae unless FHFA affirmatively consents. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1146-47 (9th Cir. 2018); *Berezovsky v. Moniz*, 869 F.3d 923, 927-31 (9th Cir. 2017). The plaintiffs have presented evidence that at the time this HOA sale was conducted, Fannie Mae owned the note and deed of trust. *See* ECF No. 51-2. And they contend there is no evidence FHFA consented to Fannie Mae's interest being extinguished. *See Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1149 (stating that the federal foreclosure bar's plain text "does not necessitate a decision by FHFA not to consent to a given foreclosure sale; rather, the bar on foreclosure sales lacking FHFA's consents applies by default"). They therefore have met their initial burden on summary judgment.

SFR has not pointed to contrary evidence sufficient to raise a genuine dispute that Fannie Mae did not own the note and deed of trust or that FHFA consented to Fannie Mae's interest being extinguished. SFR raises a variety of arguments, all of which I or other courts have previously rejected in similar cases.[1] SFR must do more than show "metaphysical doubt as to

---

[1] *See, e.g.*, *Berezovsky*, 869 F.3d at 932-33 & n.8 (sufficient evidence of enterprise ownership through business records and servicer guide); *Haus*, 812 F. App'x at 504 (Fannie Mae business record printout and servicer guide sufficient to establish servicer and agency relationship); *Fed.*

the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It has not done so here. I therefore grant the plaintiffs' motion for summary judgment. Because the federal foreclosure bar preserved the deed of trust, I dismiss as moot the alternative damages claims against Southern and Alessi, and I deny as moot Southern's motion for summary judgment.

## II. CONCLUSION

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motions to dismiss, to stay, to compel, and for Rule 56(d) relief **(ECF Nos. 38, 53, 54, 57) are DENIED**.

I FURTHER ORDER that plaintiffs Nationstar Mortgage LLC and Federal National Mortgage Association's motion for summary judgment **(ECF No. 51) is GRANTED**. The clerk of court is instructed to enter judgment in favor of the plaintiffs and against defendant SFR Investments Pool 1, LLC as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Southern Highlands Community Association on September 12, 2012 did not extinguish the deed of trust and the property located at 10932 Florence Hills Street in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that the alternative damages claims against defendant Southern Highlands Community Association and Alessi & Koenig, LLC are DISMISSED as moot and defendant Southern Highlands Community Association's motion for summary judgment **(ECF No. 52) is DENIED as moot**.

---

*Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-01750-APG-BNW, 2020 WL 3103897, at *3-4 (D. Nev. June 11, 2020) (statute of frauds, objections to FHFA press release); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-01042-APG-EJY, 2019 WL 5963929, at *3 (D. Nev. Nov. 13, 2019) (untrustworthy documents in other cases, standing to enforce the note).

I FURTHER ORDER that the plaintiffs' motions for leave to file supplemental authority **(ECF Nos. 68, 69) are GRANTED**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 28th day of August, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE